IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Christopher R. Daugherty; Robert P. Daugherty, </br></br>  Plaintiffs, </br></br> v. </br></br> Lenny Kagan; Unknown Jan / John Doe(s); Law Office of Lenny Kagan, </br></br> Defendants. | C/A No. 3:20-3962-SAL-PJG </br></br> **ORDER** |

This matter was transferred to this court by the United States District Court for the Northern District of Georgia in its November 12, 2020 order granting Defendant Lenny Kagan's motion to transfer, but denying Kagan's motion to dismiss. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Prior to the transfer, on July 9, 2020, the Clerk of Court of the Northern District of Georgia entered default against Defendant Lenny Kagan, and Plaintiffs moved for default judgment against Kagan (ECF No. 19). The Northern District of Georgia did not set aside the entry of default in its order transferring the case. To date, Defendant Lenny Kagan has appeared in this matter and filed a motion to dismiss or transfer, but Kagan has not timely filed an answer after his motion to dismiss was denied. See Fed. R. Civ. P. 12(a)(4) (deadline to file an answer after the denial of a motion to dismiss); see also Fed. R. Civ. P. 55(a) (stating an entry of default is appropriate where a party has "failed to plead or otherwise defend"); 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2682 (4th ed.) ("The mere appearance by a defending party, without more, will not prevent the entry of a default for failure to plead or otherwise defend, however."). Plaintiffs' motion for default judgment remains pending.

Plaintiffs are hereby directed to supplement their motion for default judgment in accordance with Federal Rule of Civil Procedure 55(b)(2) **by April 15, 2021**.  The supplement should address the following:  (1) whether all damages claimed are liquidated or Plaintiffs seek only specified declaratory judgment (allowing resolution without further hearing or motion and, if there are no other defendants, entry of judgment); (2) whether any claims for unliquidated damages are waived; (3) if unliquidated damages claims are not waived, how those claims should be resolved; (4) whether this action includes defendants other than Larry Kagan in his individual capacity, such as, for example, the Law Office of Larry Kagan or other John/Jane Doe defendants.  Also, if the matter is ripe for resolution and unliquidated damage claims remain, Plaintiffs should file a separate motion seeking resolution on written submissions under a summary judgment standard or through an evidentiary hearing.  Such separate motion should address:  (1) the damages sought (categories and amounts); (2) the standards by which the damages should be measured; (3) whether the matter may be resolved on the written submissions (and, if so, attaching supporting evidence); (4) if a hearing may be necessary, the witnesses and evidence which will be presented and estimated hearing time; and (5) whether a jury demand has been made (in which event a jury trial as to unliquidated damages may be required).

**IT IS SO ORDERED**.

March 10, 2021  
Columbia, South Carolina

Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*Plaintiffs' attention is directed to the important warning on the next page.*

# IMPORTANT INFORMATION . . . PLEASE READ CAREFULLY

# WARNING TO *PRO SE* PARTY OR NONPARTY FILERS

All documents that you file with the court will be available to the public on the internet through PACER (Public Access to Court Electronic Records) and the court's Electronic Case Filing System. **CERTAIN PERSONAL IDENTIFYING INFORMATION SHOULD NOT BE INCLUDED IN OR SHOULD BE REMOVED FROM ALL DOCUMENTS BEFORE YOU SUBMIT THE DOCUMENTS TO THE COURT FOR FILING.**

Federal Rule of Civil Procedure 5.2, provides for privacy protection of electronic or paper filings made with the court. Rule 5.2 applies to **all** documents submitted for filing, including pleadings, exhibits to pleadings, discovery responses, and any other document submitted by any party or nonparty for filing. Unless otherwise ordered by the court, a party or nonparty filer should not put certain types of an individual's personal identifying information in documents submitted for filing to any United States District Court. If it is necessary to file a document that already contains personal identifying information, the personal identifying information should be "**blacked out**" or **redacted** prior to submitting the document to the Clerk of Court for filing. A person filing any document containing their own personal identifying information **waives** the protection of Rule 5.2(a) by filing the information without redaction and not under seal.

1. Personal information protected by Rule 5.2(a):

    **(a) Social Security and Taxpayer Identification Numbers.** If an individual's Social Security number or a taxpayer identification number must be included in a document, the filer may include only the last four digits of that number.
    **(b) Names of Minor Children.** If the involvement of a minor child must be mentioned, the filer may include only the initials of that child.
    **(c) Dates of Birth.** If an individual's date of birth must be included in a document, the filer may include only the year of birth.
    **(d) Financial Account Numbers.** If financial account numbers are relevant, the filer may include only the last four digits of these numbers.

2. Protection of other sensitive personal information—such as driver's license numbers and alien registration numbers—may be sought under Rule 5.2(d) (Filings Made Under Seal) and (e) (Protective Orders).