IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Christopher R. Daugherty; Robert P. Daugherty, | ) | C/A No. 3:20-3962-SAL-PJG |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **ORDER AND** |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Lenny Kagan; Unknown Jan/John Doe(s); Law Office of Lenny Kagan, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiffs Christopher R. Daugherty and Robert P. Daugherty, initially proceeding *pro se*, filed this legal malpractice action against the defendants in the United States District Court for the Northern District of Georgia. By order dated November 12, 2020, the Northern District of Georgia granted *pro* se Defendant Lenny Kagan's motion to transfer venue and denied Kagan's motion to dismiss as moot. Plaintiffs are now represented by counsel. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on Plaintiffs' motion to amend the Amended Scheduling Order. (ECF No. 74.) Kagan did not respond to the motion.[1]

The Federal Rules of Civil Procedure provide: "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). " 'Good cause' requires 'the party seeking relief [to] show that the deadlines cannot reasonably be met despite the party's diligence,' and whatever other factors are also considered, 'the good-cause standard will not be satisfied if the

---

[1] Defendants Unknown Jan/John Doe(s) and Law Office of Lenny Kagan have not appeared in this matter. A review of the docket reveals no evidence that these defendants have been served or that Plaintiffs have attempted to serve them. Consequently, the court recommends that the unserved defendants be dismissed pursuant to Federal Rule of Civil Procedure 4(m).

[district] court concludes that the party seeking relief (or that party's attorney) has not acted diligently in compliance with the schedule.' " Cook v. Howard, 484 F. App'x 805, 815 (4th Cir. 2012) (alterations in original) (quoting 6A Wright & Miller, Federal Practice & Procedure § 1522.2 (3d ed. 2010).

Here, Plaintiffs fail to demonstrate good cause to amend the Amended Scheduling Order. Plaintiffs filed this action on January 24, 2020 in the Northern District of Georgia, and the action was transferred here on November 13, 2020.  On May 4, 2021, the court issued a Scheduling Order that required the parties to file amended pleadings by June 2, 2021.  (ECF No. 48.)  Plaintiffs' counsel appeared on June 25 and June 28, 2021, respectively.  Plaintiffs filed an untimely motion to amend the Scheduling Order on July 7, 2021, in which Plaintiffs indicated they needed more time to explore filing an amended complaint and adding defendants.  (ECF No. 56-1 at 1.) Plaintiffs indicated that adding defendants would require that they obtain an affidavit of merit pursuant to S.C. Code § 15-36-100 (requiring that expert affidavit accompany a complaint alleging legal malpractice), which would require more time.  (Id.)  Plaintiffs proposed that the amended scheduling order require that amended pleadings and motions to add parties be filed by August 31, 2021.  The court granted Plaintiffs' motion and issued an Amended Scheduling Order with the August 31 deadline to amend pleadings and add parties.

In their pending motion to amend the Amended Scheduling Order, Plaintiffs claim that on August 31, counsel attempted to file an amended pleading via the court's Electronic Case Filing System ("ECF"), but after apparently having trouble doing so and "seeking assistance from the local District Court office," counsel "was then advised an Amended Complaint was to be filed by email directly to" the court at an email address for the Clerk's Office.  (ECF No. 74-1 at 1.) Plaintiffs claim that counsel then attempted to email the documents to the address provided to them

but failed to click through all of the prompts necessary to finish sending the email in counsel's email system.  Counsel did not discover that she did not send the email until "days later" because counsel was not in her office during that time.  (Id.)  Plaintiffs further assert that when counsel discovered the unsent email, counsel completed delivery to the Clerk's Office email address but "was thereafter advised the Amended Complaint is supposed to be filed by ECF."  (Id. at 2.) Plaintiffs do not provide the date that counsel discovered the unsent email and sent it to the Clerk's Office.

Counsel's mistakes or inadvertence are not sufficient to meet the good cause standard under Rule 16.  See Dilmar Oil Co. v. Federated Mut. Ins. Co., 986 F. Supp. 959, 980 (D.S.C.) ("Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."), aff'd, 129 F.3d 116 (4th Cir. 1997); Sall v. Bounassissi, Civil Action No. 10-2245, 2011 WL 2791254, at *3 (D. Md. July 13, 2011) (collecting cases); see also 6A Wright & Miller, Federal Practice & Procedure § 1522.2 (3d ed. 2010) ("Attorney neglect or inadvertence will not constitute good cause supporting modification.").  Counsel has not sought relief for a technical failure of ECF under the District of South Carolina's Electronic Case Filing Policies and Procedures § 12, and counsel admits she was at fault in not submitting the amended pleading via alternative means before the deadline.  Even after counsel attempted to submit the amended pleading by email, counsel failed to confirm that the court received the email and did not try to send the pleading again until "days" after the deadline.  Plaintiffs did not file this motion seeking relief from the mistake until more than two weeks after the deadline passed.  Therefore, Plaintiffs also were not

diligent in seeking the modification. See Cook, 484 F. App'x at 815.[2] Consequently, Plaintiffs' motion to amend the Amended Scheduling Order is denied.

Alternatively, the court concludes that even if Plaintiffs could demonstrate good cause to amend the scheduling order, the proposed amendment in this action would be futile. Leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); see also Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999) ("[L]eave to amend a pleading should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.") (quoting Johnson v. Oroweat Foods Co., 785 F.2d 503, 509(4th Cir.1986)).

Here, Plaintiffs seek to add Aimee Zmroczek and A.J.Z. Law Firm, LLC as defendants, raising claims of negligence and legal malpractice. However, Plaintiffs' proposed amended complaint demonstrates that the addition of those defendants would destroy the court's diversity jurisdiction under 28 U.S.C. § 1332. See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 372-74 nn. 13-16 (1978) (explaining that complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side). Here, both Plaintiffs[3] and the two new defendants are citizens of the State of South Carolina. Therefore, the addition of the new defendants would destroy the court's diversity. See Martinez v. Duke Energy

---

[2] Additionally, from a broader perspective, Plaintiffs have not been diligent in filing an amended pleading in this case. Plaintiff's proposed amended complaint alleges that the defendants were retained by Plaintiffs in January 2018. Plaintiffs filed this action in January 2020, but they provide no explanation for why they have not been able to identify and name the new defendants—who also represented Plaintiffs in 2018—until now, one year and ten months into this litigation.

[3] According to the proposed amended complaint, Plaintiffs were domiciled in South Carolina when the Complaint was filed but have since relocated to Georgia. (Proposed Am. Compl., ECF No. 74-2 at 2.) Because a party's citizenship for diversity jurisdiction purposes is determined at the time the case was filed, see Grupo Dataflux v. Atlas Glob. Grp., L.P., 541 U.S. 567, 571 (2004), Plaintiffs' citizenship in South Carolina at the time this action was filed controls.

Corp., 130 F. App'x 629, 635 (4th Cir. 2005) (finding that the plaintiff's filing of an amended complaint to add a non-diverse defendant destroyed the district court's diversity jurisdiction); Am. Fiber & Finishing, Inc. v. Tyco Healthcare Grp., LP, 362 F.3d 136, 142 (1st Cir. 2004) (same). Consequently, the amendment would be futile. See Ricciardi v. Kone, Inc., 215 F.R.D. 455, 456 (E.D.N.Y. 2003) ("If a proposed amendment adds a claim and party over which the Court lacks subject matter jurisdiction, the amendment would be futile."). Also, even if the court were to allow the amendment, the court would still be required to dismiss or sever the new, non-diverse defendants to maintain diversity jurisdiction. See, e.g., Martinez, 130 F. App'x at 636 (discussing when a district court should dismiss a non-diverse defendant to maintain jurisdiction over the claims against the diverse defendants); Am. Fiber & Finishing, Inc. v. Tyco Healthcare Grp., LP, 362 F.3d at 142 (same). Therefore, alternatively, Plaintiff's motion to amend the scheduling order to file an amended pleading is denied because it would be futile.

**IT IS SO ORDERED.**

October 18, 2021                                    Paige J. Gossett
Columbia, South Carolina                           UNITED STATES MAGISTRATE JUDGE